**Raymond E. SAMPSON and Geneva Sampson, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 20942.**

United States Court of Appeals,
Sixth Circuit.

June 30, 1971.

Raymond E. Sampson in pro. per.

Bruce I. Kogan, Atty., Dept. of Justice, Tax Div., Washington, D. C., for appellee; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Gilbert E. Andrews, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before McCREE, BROOKS and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal prosecuted in pro se from a decision of the Tax Court, ¶ 70,212 P–H Memo T.C. (1970), holding that taxpayers had failed to meet their burden of proving claimed medical expenses and charitable deductions and determining a deficiency in the amount of $152.70 for the 1967 tax year.

After disallowance of the deductions, the taxpayer husband met with a representative of the Appellate Division of the Internal Revenue Service in an attempt to settle his disputed tax liability. At this meeting an agreement was reached allowing all claimed deductions and taxpayer left the meeting with the understanding that a final settlement had been reached. However, the recommendations of the conferee of the Internal Revenue Service were rejected by his superiors and there were no further settlement negotiations.

Unfortunately, from the taxpayers' standpoint, an informal agreement such as was reached in this case is not binding and has no legal effect. Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1929); Cleveland Trust Company v. United States, 421 F.2d 475 (6th Cir. 1970); Country Gas Service v. United States, 405 F.2d 147 (1st Cir. 1969).

From our review of the record and our consideration of the briefs and oral arguments of the parties, it is concluded that the decision of the Tax Court should be affirmed.

Affirmed.