T.C. Summary Opinion 2003-47


UNITED STATES TAX COURT


DEBRA SUE TUSSEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2777-02S.                Filed April 30, 2003.


Debra Sue Tussey, pro se.

<u>Donald E. Edwards</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard under the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $3,036 for 1999. Petitioner failed to address in the petition or at trial the adjustment for unreported interest income of $15, and the issue is therefore conceded. Rule 34(b)(4). The parties agree that petitioner is entitled to a child tax credit of $500 and a Hope Scholarship Credit of $1,237.50. The issues remaining for decision are: (1) Whether the entire amount of a distribution from petitioner's Individual Retirement Account (IRA) should be included in income; (2) whether petitioner is liable for the 10-percent additional tax on an early distribution from a qualified retirement plan; and (3) whether the Internal Revenue Service (IRS) misled petitioner, and if so, what is the effect of the action on this case.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Stillwater, Oklahoma.

## Background

In May of 1999 petitioner graduated from nursing school. Petitioner had an IRA with New York Life Insurance and Annuity Corporation (NY Life). Her IRA was a qualified retirement plan under section 4974(c). During 1999, when petitioner was not yet 59-1/2 years old, she received a $15,347 lump-sum distribution from her IRA. She used at least $10,000 of the distribution to buy her first house.

NY Life issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing a gross and taxable distribution of $16,117. Petitioner has since received a corrected Form 1099-R showing her distribution amount to have been $15,347.20. Petitioner attached the original Form 1099-R she received from NY Life to her Federal income tax return for 1999. She reported on line 10a of the return total IRA distributions of $16,117 and on line 10b a "Taxable amount" of $6,117. Petitioner did not report on her Federal income tax return a 10-percent additional tax on an early distribution from a retirement plan.

Petitioner received a statutory notice dated September 19, 2001, determining a deficiency of $3,036. Petitioner received from the IRS a letter dated March 18, 2002, stating that her "account" had been changed and that the amount she now owed was "none". A transcript of account for petitioner's 1999 tax year shows that additional tax of $3,036 was assessed on February 18, 2002, and subsequently abated on March 18, 2002.

## Discussion

Petitioner argues that her tax treatment of the IRA distribution follows the advice she received over the telephone from one or more IRS employees. She further argues that the March 18, 2002, letter she received stating that the amount she

owed for 1999 was "none" should mean that she does not owe any additional tax.

Respondent concedes that $10,000 of the money that petitioner used to buy a house qualifies under section 72(t)(2)(F) and (8)(B) for exclusion from the additional tax on early distributions from a qualified retirement plan. Respondent contends, however, that the entire distribution must be included in income and that the amount of the distribution in excess of $10,000 is subject to the additional 10-percent tax on early distributions from qualified retirement plans. As to the letter of March 18, 2002, respondent's position is that the letter was generated due to an abatement of the premature assessment of the deficiency in this case and has no legal significance here.

As there are no factual issues in dispute in this case, section 7491 is not implicated. Petitioner testified that unnamed IRS employees told her that if her IRA distributions were used for the purchase of a new home they were not taxable and there would be no "penalties". Whether or not petitioner was given incorrect advice by IRS personnel, bad advice is not binding on the Commissioner.[1] Darling v. Commissioner, 49 F.2d 111, 113 (4th Cir. 1931), affg. 19 B.T.A. 337 (1930); Fortugno v. Commissioner, 41 T.C. 316, 323-324 (1963), affd. 353 F.2d 429 (3d

---

[1]Under certain circumstances, however, erroneous written advice may be grounds for abatement of the portion of any penalty or addition to tax attributable to the erroneous advice. Sec. 6404(f).

Cir. 1965); <u>Bagnell v. Commissioner</u>, T.C. Memo. 1993-378.  The Court cannot disregard statutory terms, even when the result in a particular case seems harsh.  <u>INS v. Pangilinan</u>, 486 U.S. 875, 883 (1988); <u>Estate of Cowser v. Commissioner</u>, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983).

The Court will follow the statutory provisions governing the issue in this case.  With exceptions not applicable here, any amount distributed from an IRA must be included in income by the distributee as provided by section 72.  Sec. 408(d).  Therefore, the entire IRA distribution[2] petitioner received in 1999 is includable in her income for the year.  In addition, section 72(t) provides that if a taxpayer receives any amount from a qualified retirement plan, the taxpayer's tax "shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income."

There is an exception to the additional tax required by section 72(t) in the case of "qualified first-time homebuyer distributions".  Sec. 72(t)(2)(F).  The maximum amount of a distribution that may be treated as a qualified first-time homebuyer distribution, however, is $10,000.  Sec. 72(t)(8)(B).  Any amount of a distribution that petitioner received in excess

---

[2]For purposes of sec. 72, all IRA distributions during the year are treated as one distribution.  Sec. 408(d)(2).

of $10,000 remains subject to the 10-percent additional tax required by section 72(t).  See id.

Petitioner suggested during her testimony that she should be relieved from additional tax liability because the IRS sent her a letter, after she had received the notice of deficiency, saying that she owed no tax for 1999.  The letter was not an agreement to rescind the notice of deficiency.  Sec. 6212(d); Rev. Proc. 98-54, 1998-2 C.B. 529.  Congress has provided that closing agreements under section 7121 and compromise agreements under section 7122 are the exclusive means by which the IRS can administratively settle civil tax disputes with finality.  See Botany Worsted Mills v. United States, 278 U.S. 282, 288 (1929); Estate of Meyer v. Commissioner, 58 T.C. 69, 70 (1972); see also Sampson v. Commissioner, 444 F.2d 530, 531 (6th Cir. 1971), affg. per curiam T.C. Memo. 1970-212.

The record is devoid of any evidence that petitioner and respondent entered into either a valid closing or compromise agreement.  The evidence in the record indicates that there was a premature assessment of the proposed $3,036 deficiency that was abated.  The abatement prompted the issuance of the letter stating that no tax was due.  The proposed deficiency may not properly be assessed until our decision in this case has become final.  See secs. 6211(a), 6212(a), and 6213(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.
