T.C. Summary Opinion 2004-170


UNITED STATES TAX COURT


JAMES P. ELLIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11098-03S.              Filed December 20, 2004.


James P. Ellis, pro se.

<u>Cynthia J. Olson</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax for failure to file timely:

| Year | Deficiency | Addition to Tax[1] Sec. 6651(a)(1) |
|------|------------|------------------------------------|
| 1998 | $5,354 | $1,272 |
| 1999 | 4,577 | 793 |
| 2000 | 7,064 | 1,357 |

[1]Figures are rounded to the nearest dollar.

After a concession,[1] the issues for decision are whether: (1) Respondent is estopped from asserting a deficiency against petitioner for 1999; (2) petitioner is required to include in income a reward received from the Internal Revenue Service (IRS) during 1998; (3) petitioner is entitled to deductions on Schedule C, Profit or Loss From Business, for 1998, 1999, and 2000 in excess of those allowed by respondent; and (4) petitioner is liable for additions to tax for failure to file timely his 1998, 1999, and 2000 Federal income tax returns.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner

_____

[1]Respondent concedes that petitioner is entitled to a deduction for depreciation expenses of $2,834 for 2000.

resided in Security, Colorado, at the time the petition was filed.

Petitioner, a disc jockey, failed to file timely Federal income tax returns for taxable years 1998, 1999, and 2000.

A.   Petitioner's Individual Income Tax Return for 1998

Attached to petitioner's Form 1040, U.S. Individual Income Tax Return, for 1998 was a Schedule C on which petitioner reported gross receipts of $21,600 and contract labor costs of $19,400.  Petitioner also deducted car and truck expenses of $2,129; depreciation of $1,316; office expenses of $396; supplies expense of $238; and utilities of $780.

During 1998, in response to his claim, petitioner received a reward from the IRS in the amount of $7,138.20.  Respondent increased petitioner's gross income by this unreported amount. Respondent disallowed $1,008 of the deduction for car and truck expenses and all the deductions for contract labor expenses of $19,400 due to lack of substantiation.  Respondent also determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1998 return.

B.   Petitioner's Individual Income Tax Return for 1999

A Schedule C was also attached to petitioner's Form 1040 for 1999.  Petitioner reported gross receipts of $21,600 and contract labor costs of $19,400.  Petitioner deducted depreciation of $7,056; tuxedo dry cleaning expenses of $1,124; car and truck expenses of $1,919; office expenses of $576; supplies expense of $496; and utilities of $948.

Respondent disallowed deductions for all of the car and truck expenses and all of the contract labor expenses due to lack of substantiation.  Respondent also determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1999 return.

C.   Petitioner's Individual Income Tax Return for 2000

Petitioner's Schedule C for 2000 again reflected gross receipts of $21,600 and contract labor costs of $19,400. Petitioner also deducted $7,980 for depreciation; car and truck expenses of $5,327; office expenses of $444; supplies expense of $503; utilities of $960; and tuxedo dry cleaning expenses of $1,124.

Respondent disallowed deductions for all of the dry cleaning and car and truck expenses as well as all of the contract labor and depreciation expenses due to lack of substantiation. Respondent also determined that petitioner is liable for an

addition to tax under section 6651(a)(1) for failure to timely file his 2000 return.

In October 2003, over 6 months after respondent issued the statutory notice of deficiency in this case, respondent mailed to petitioner a letter advising of changes to petitioner's statement of account for 1999 indicating that for 1999 "the amount you now owe" is "none".

## Discussion

A.   Estoppel

As a preliminary matter, petitioner contends that he does not owe any tax for 1999 because he received a letter from the IRS dated October 13, 2003, which stated that corrections had been made to his 1999 tax account and "the amount you now owe" is "none".

It appears that respondent erroneously assessed the amount shown on the notice of deficiency for petitioner's 1999 taxable year.  The letter respondent sent petitioner on October 13, 2003, reversed that assessment because it had been made while petitioner's case was pending before this Court.  See sec. 6213(a).

Petitioner alleges that he is no longer liable for the deficiency in tax and the section 6651(a)(1) addition to tax for 1999, claiming that respondent's October letter led him to believe that his case had been resolved:

"I'm going by what they told me. If they were wrong and they made a mistake, I believed them. I trusted in them."

Although not explicitly stated, petitioner's argument essentially amounts to a claim of estoppel.

Equitable estoppel is a judicial doctrine that precludes a party from denying that party's own acts or representations that induced another to act to his or her detriment. E.g., Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982). It is to be applied against the Commissioner only with utmost caution and restraint. E.g., Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992).

The doctrine of estoppel is not applicable unless the party relying on it establishes all of the following elements at a minimum:

> (1) There must be a false representation or wrongful misleading silence; (2) the error must be in a statement of fact and not in an opinion or a statement of law; (3) the person claiming the benefits of estoppel must be ignorant of the true facts; and (4) he must be adversely affected by the acts or statements of the person against whom an estoppel is claimed. * * *

Estate of Emerson v. Commissioner, 67 T.C. 612, 617-618 (1977); see also Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971).

Even if we assume that petitioner relied on respondent's letter, petitioner has not presented any evidence that he was adversely affected by his reliance on the letter. Petitioner suffered no detriment that is legally recognizable. He is only

required to pay the tax that is lawfully owing. He did not change a position to his detriment. See Reuben v. Commissioner, T.C. Memo. 2001-193. Accordingly, the doctrine of estoppel does not apply in this case.

Petitioner's position is further contrary to well-established law. Congress has provided that closing agreements under section 7121 and compromise agreements under section 7122 are the exclusive administrative means for the IRS to settle civil tax disputes with finality. See Botany Worsted Mills v. United States, 278 U.S. 282, 288 (1929); Estate of Meyer v. Commissioner, 58 T.C. 69, 70 (1972); see also Sampson v. Commissioner, 444 F.2d 530, 531 (6th Cir. 1971), affg. T.C. Memo. 1970-212. The record is devoid of any evidence that petitioner and respondent entered into a valid closing agreement or compromise agreement.

B. Deficiencies

The Commissioner's determinations are presumed correct, and generally, taxpayers bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation.

Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The burden of proof may shift to the Commissioner under section 7491(a). Because petitioner failed to comply with the requirements of section 7491(a)(2), however, section 7491 is inapplicable. Under section 7491(c), respondent retains the burden of production only with respect to petitioner's liability for any additions to tax.

1. Petitioner's Income

Pursuant to section 61(a), gross income includes "all income from whatever source derived" unless excludable by a specific provision of the Code. Petitioner does not dispute that during 1998, he received a reward from the IRS of $7,138.20. He testified that this amount was shared with several of his coworkers. The letter the IRS issued to petitioner identifying the reward was addressed solely to petitioner and did not indicate that he had an obligation to share the reward with anyone else.

Petitioner did not present any argument that this amount is not includable in income. The Court therefore concludes that petitioner is required to include this amount in gross income.

2. Petitioner's Deductions

Section 162(a) allows a taxpayer deductions for ordinary and necessary business expenses incurred during the taxable year in

carrying on a trade or business. Generally, a taxpayer must establish that deductions taken pursuant to section 162 are ordinary and necessary business expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Under section 6001, a taxpayer bears the sole responsibility for maintaining his business records.

If a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The estimate, however, must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, such an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

The record does not contain any documents or reasonable evidence substantiating petitioner's claimed expenses. Therefore, the Court concludes that petitioner is not entitled to deduct any Schedule C expenses for 1998, 1999, or 2000 in excess of amounts allowed by respondent.

C. Addition to Tax for Failure To Timely File a Tax Return

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability

of any individual for any penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax for failure to file in the particular case.  Id. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect.  Id. at 447.

Respondent contends that petitioner is liable for additions to tax pursuant to section 6651(a)(1) for 1998, 1999, and 2000.  Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted.  For each month that the return is late the addition equals 5 percent of the tax required to be shown on the return, not to exceed 25 percent.  Sec. 6651(a)(1).  Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Id.; Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence.  United States v.

Boyle, 469 U.S. 241, 246 (1985).  "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioner agrees that he did not timely submit his Federal income tax returns for 1998, 1999, or 2000.  Respondent has met his burden of production regarding petitioner's liability for the additions to tax.  Petitioner did not provide any evidence that would demonstrate that he had reasonable cause or lacked willful neglect in failing to timely file his returns.  Respondent's determination as to the section 6651(a)(1) additions to tax is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered under Rule 155.