VICTORIA R. JOHNSTON, EXECUTRIX, ESTATE OF WILLIAM J. JOHNSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26743.   Promulgated April 18, 1930.

*Harold Harper, Esq.*, and *Murray F. Johnson, Esq.*, for the petitioner.

*Bruce A. Lowe, Esq.*, and *L. A. Rushbrook, Esq.*, for the respondent.

## OPINION.

PHILLIPS: The petitioner makes no complaint as to the correctness of the amount of the deficiency asserted by the Commissioner for 1922. She asserts as her defense against the assessment of such deficiency that there had been a final accord and satisfaction of the liability of the estate of this deceased for all income taxes due the United States. It appears from the undisputed facts that during 1925 the collector of internal revenue for the second district of New York made demand upon the executrix for the payment of certain taxes and interest claimed to be due from the estate for the years 1923 and 1924, that payment was made of the amount demanded by the collector, and that in each instance a letter was forwarded with the payment stating in substance that it was in full settlement, compromise and payment of all income taxes due from the estate up to the date of such payment. Each of the checks were deposited by the collector of internal revenue in the Federal Reserve Bank of New York and collected in due course. The petitioner takes the position that there was a compromise or accord and satisfaction sufficient to discharge the liability now asserted for income tax for the year 1922.

At the time the alleged compromise was effected the Revenue Act of 1924 was in effect. Section 1006 of that act and section 3229 of the Revised Statutes made provision for the offer and acceptance of sums in compromise of liabilities for taxes and penalties. These sections provide the exclusive method by which Federal taxes might be settled. *Botany Worsted Mills* v. *United States*, 278 U. S. 272; *Lowey & Son* v. *Commissioner*, 31 Fed. (2d) 652.

Petitioner relies upon the decisions of three Circuit Courts in *Willingham* v. *United States*, 208 Fed. 137; *Rau* v. *United States*, 260 Fed. 131; and *Oliver* v. *United States*, 267 Fed. 544. To the extent that these decisions are contrary to that of the Supreme Court, they are no longer authority. To the extent that these decisions hold that payment to a collector of an amount offered in compromise and the retention of such payment may raise a presumption that the offer

was accepted by the officers empowered to act for the United States, we think they are not in point. In each of the cases cited the United States was proceeding in a criminal action against the defendant after the defendant had made an offer in compromise which had been accepted by the collector in two cases and by the Commissioner in the third case. In each case two judges of the Appellate Court, over the dissent of the third, ruled that evidence of the alleged compromise should have been received and the question submitted to the jury with proper instructions as to whether or not such compromise had been accepted. These cases were criminal prosecutions in which the burden of proof fell upon the Government. The offer in compromise, the payment, and its retention may have been sufficient to have required the question to be submitted to the jury as to whether the offer had been communicated to the proper officers and accepted by them.

In the case before us, however, there is nothing in the nature of a criminal prosecution. The action of the Commissioner in determining the deficiency in question is presumably correct and the burden is upon the petitioner, under both the decisions of the courts and the rules of the Board, to show the contrary. There is a total lack of any evidence which would indicate that the so-called offers in compromise were ever submitted to the officials authorized by statute to effect a compromise on behalf of the United States. The circumstances under which the payments were made, being payments of specific amounts demanded as then due and owing and the so-called compromise being submitted merely as a rider to the letter transmitting such payment and not in the manner prescribed by the Commissioner's regulations, render it improbable that the " offers " were treated by the collector as offers in compromise and transmitted to his superiors. The action of counsel for the estate in making two additional payments in 1925 after the first payment had been made " in full settlement, compromise and payment of all income taxes due from this estate up to the present time " indicates that counsel for the estate did not seriously regard these letters and payments as foreclosing the United States against further demands. In fact, there is no serious claim made by the estate that any compromise was ever effected with the Commissioner with the consent of the Secretary of the Treasury, as the statute requires, for in the petition in this case the facts upon which the petitioner relies are stated to be " that certain checks were tendered to the collector of internal revenue and such checks were accepted and collected by the collector in full payment, settlement, compromise and satisfaction of all income taxes due from this estate." The petition was filed before the decision of the Supreme Court in *Botany Worsted Mills* v. *United States, supra*,

was rendered, and the petitioner proceeded upon the theory that a settlement or compromise with the collector was sufficient to bind the United States.

*Decision will be entered for the respondent.*