*Further proceedings may be had under Rule 62 (c).*

JOHN R. HANBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30009.    Promulgated July 19, 1932.

*Robert Ruark, Esq.,* and *H. C. Kilpatrick, Esq.,* for the petitioner.
*M. B. Leming, Esq.,* and *Irving M. Tullar, Esq.,* for the respondent.

OPINION.

MATTHEWS: This is a proceeding for the redetermination of deficiencies in income and excess-profits taxes and penalties amounting to $43,385.99, which were assessed against the petitioner for the taxable years 1917 to 1921, inclusive, as follows:

| Year | Additional tax | Penalty | Total |
| --- | --- | --- | --- |
| 1917 | $10,355.96 | $5,686.46 | $16,042.42 |
| 1918 | 9,383.58 | 9,648.08 | 19,031.66 |
| 1919 | 1,357.36 | 4,355.44 | 5,712.80 |
| 1920 | 1,017.92 | 508.96 | 1,526.88 |
| 1921 | 714.82 | 357.41 | 1,072.23 |
| Total tax and penalty | | | 43,385.99 |

The assessment of this total amount was made by the respondent in November, 1924, under the provisions of section 274 (d) of the Revenue Act of 1924, and the petitioner filed a claim for abatement of the full amount of the additional taxes and penalties so assessed. For the year 1917 a penalty of 50 per cent of the excess-profits tax was imposed for failure to file an excess-profits-tax return and there was also imposed, in accordance with the provisions of section 3176 of the Revised Statutes, a penalty of 100 per cent of the tax on Form 1040 for the willful making of a false and fraudulent return. For each of the other taxable years the penalty imposed represented 50 per cent of the additional tax assessable, as provided in section 250 (b) of the Revenue Acts of 1918 and 1921, for the making of a false and fraudulent return with intent to evade the tax. The computation of these additional taxes and penalties, with the sections of the statutes imposing such penalties, was set out in detail in a

30-day letter addressed to the petitioner by the respondent under date of October 11, 1924. The amounts assessed in November, 1924, for each year correspond exactly in amount to the additional taxes and penalties set forth in the letter of October 11, 1924. Under date of June 3, 1927, the petitioner was notified by the Commissioner that his claim for abatement would be rejected in full, " for the reason that sufficient information has not been submitted to justify this office in abating any part of the tax and penalty assessed for the years in question," and that a petition might be filed with the Board of Tax Appeals contesting in whole or in part the correctness of " this determination." A petition was filed by the petitioner on July 29, 1927, contesting the total amount of tax and penalties, paragraph 4 of which reads as follows:

4. The determination of tax and penalties set forth in the said notice of deficiency is based upon the following errors:

(a) Examination of books and records of petitioner in violation of statutes.

(b) Statutes of limitations.

(c) Full and final settlement previously made with respondent as provided by law.

(d) Computation of tax and penalties erroneous, based upon improper data and records, and not in accordance with facts.

(e) Indictment, trial and acquittal of petitioner upon the charge of having wilfully attempted to evade payment of proper taxes for the years 1917, 1918, 1919 and 1921.

In his petition the petitioner alleged the receipt of the letter of October 11, 1924, setting forth the computation of additional taxes and penalties for the years 1917 to 1921, inclusive, and attached a copy of said letter to the petition. He also alleged that on or about November 29, 1924, respondent made a summary assessment against the petitioner in the amount shown in the respondent's letter of October 11, 1924. Paragraph 7 of the petition reads:

Petitioner is informed and believes and upon such information and belief alleges that the amounts assessed against him by respondent as penalties for the years 1917, 1918, 1919, 1920 and 1921 are and have been assessed against him upon the ground that petitioner unlawfully and wilfully attempted to evade payment of income tax, additional tax and surtax imposed and to be paid by him for said respective years.

In his answer the respondent admitted that the amount in controversy was additional taxes and penalties for the years 1917 to 1921, but denied that he erred as alleged, and also entered a general denial of all material allegations of fact contained in the petition.

When the case came on for hearing and after the opening statements of counsel for both parties, there were introduced in evidence, on behalf of petitioner, income-tax returns filed by the petitioner for the years 1917, 1918 and 1919 on the respective dates of March 15, 1918, March 14, 1919, and March 12, 1920, and amended income-tax returns for the years 1917, 1918 and 1919, all of which amended

returns were filed on May 29, 1923. Two canceled checks in the respective amounts of $12,880.55 and $7,263.22 were submitted in evidence by the petitioner. The first of these checks was dated June 15, 1923, and was signed by the petitioner, and the second was a cashier's check, dated September 10, 1923. Both checks were endorsed by the collector of internal revenue on September 11, 1923. Petitioner also offered in evidence certain correspondence between the petitioner and the respondent, together with a certificate of overassessment for 1917, dated September 24, 1923, in the amount of $60.21. No oral testimony was offered on behalf of the petitioner, and after the introduction of the above described documentary evidence counsel for the petitioner rested their case.

Thereupon, the respondent assumed the burden of proving fraud. The testimony of a number of witnesses and numerous documents were offered and received in evidence over objection of counsel for petitioner. The evidence admitted conclusively proved that petitioner was guilty of fraud in the preparation and filing of his income-tax returns for the years involved herein. A false record book was kept by the petitioner and his accounts were deliberately manipulated in order that his taxable gain might be understated. False entries were made in order that his records might conform to the false reports of income which he had submitted. The testimony of a number of witnesses and voluminous documentary evidence which was introduced at the hearing leave no room for doubt that the petitioner filed false and fraudulent returns for the purpose of evading taxes.

No evidence was offered by the petitioner to rebut the evidence introduced by the respondent with respect to the issue of fraud. Nor was any evidence offered to show that the deficiencies in taxes proper for the years involved, as determined by the respondent, were erroneous. At the hearing petitioner abandoned the issue raised in the petition relative to the unlawful examination of his books.

The points upon which petitioner relies, as set forth in his brief, are as follows:

1. No penalties may be asserted or collected by respondent for any of the years involved upon the basis of fraud, because the question of fraud has not been properly put in issue by the respondent.

2. The deficiencies asserted for the years 1917 and 1918 are barred by the statute of limitations.

3. In 1923, petitioner and respondent, pursuant to the provisions of Section 3229 of the Revised Statutes, entered into a binding agreement of settlement and compromise of petitioner's tax and penalty liability for the years 1917, 1918, and 1919, and no further liability for those years may be asserted by respondent.

4. The assertion or collection of a penalty for the year 1921 is barred, because of petitioner's former trial and conviction upon the identical charge here urged by respondent as the basis for such a penalty.

The first point was raised by petitioner at the hearing and it was then ruled that fraud was in issue, and respondent was permitted, over objection of petitioner, to introduce in evidence the testimony of witnesses and documents in proof of fraud.

The jeopardy assessment in this case was made in November, 1924, and the claim in abatement was rejected after the passage of the Revenue Act of 1926. Section 283 (k) (3) provides that "where before the enactment of this Act a jeopardy assessment has been made under subdivision (d) of section 274 of the Revenue Act of 1924 * * * all proceedings after the enactment of this Act shall be the same as under the Revenue Act of 1924 as amended by this Act, except that * * * in the consideration of the case the jurisdiction and powers of the Board shall be the same as provided in this Act in the case of a tax imposed by this title." The jurisdiction of the Board under the Revenue Act of 1926 covers the determination of deficiencies in taxes and of penalties. See section 274 (e) of the Revenue Act of 1926. The appeal in this case, authorized under the provisions of section 279 (b) of the Revenue Act of 1924, is an appeal from the determination of the Commissioner rejecting the claim for abatement of the taxes and penalties. The Board's jurisdiction is to determine whether the petitioner's claim should be denied in whole or in part.

The effect of the appeal of the petitioner from the rejection of the claim for abatement of taxes and penalties is to put in issue the right of the Commissioner to have assessed the penalties, as well as the additional taxes. As the penalties assessed are the penalties provided by statute in the case of false and fraudulent returns with intent to evade taxes, the question of fraud was inherent in the Commissioner's determination of October 11, 1924, the jeopardy assessment of November, 1924, and the rejection of the claim for abatement on June 3, 1927. Therefore, the issue of fraud was drawn between the Commissioner and the petitioner when an appeal was taken to this Board from the determination of the tax and penalties.

The Commissioner in his answer denied that he erred in determining the total tax and penalties. This left the issues as drawn between the Commissioner and the petitioner by the petition. The Revenue Act of 1928, which was enacted after the Commissioner's answer was filed, provides that "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner." (Section 601, amending section 907 (a) of the Act of 1924.) At the time the answer was filed the rules of the Board did not require the Commissioner to

state in his answer the facts on which he relied to sustain the burden of proof of any issue raised in the petition as to which the burden of proof was by statute placed on the Commissioner. We are of the opinion that the issue of fraud was raised by the pleadings and that evidence with respect to such issue was properly admitted.

The jeopardy assessments of the deficiencies and penalties involved in this proceeding were made in November, 1924, and such assessments for 1919 and subsequent years were timely made without regard to the question of fraud. As no excess-profits-tax return was filed for 1917, and the income-tax returns filed for 1917 and 1918 were false and fraudulent, with intent to evade tax, the assessments for these years could be made at any time. Section 250 (d), Revenue Act of 1921, and similar provisions in subsequent acts.

In support of the petitioner's claim that he and the respondent entered into an agreement of settlement and compromise of petitioner's tax and penalty liability for the years 1917, 1918 and 1919, petitioner introduced in evidence two checks for the respective sums of $12,880.55 and $7,263.22, which were applied against petitioner's account on September 11, 1923, and which balanced the additional assessments for 1918 and 1919 in the total sum of $20,143.77. These assessments were made on August 29, 1923, after petitioner's representative had been granted conferences with attorneys in the general counsel's office and with the auditor in the income tax unit who had audited the petitioner's returns for 1917, 1918 and 1919. Petitioner urges that the amounts represented by the two checks were accepted by the respondent in full payment of all taxes and penalties for the years 1917, 1918 and 1919. In the petition, it is alleged that on or about June 14, 1923, on a form provided by respondent, petitioner tendered and made to the collector of internal revenue of the District of North Carolina an offer in compromise, whereby petitioner tendered and offered to pay to the collector the sum of $12,880.55 in full settlement of all taxes and penalties claimed by respondent to be due by petitioner. In response to a notice to produce the retained carbon copy of the offer in compromise which it was alleged in the petition had been made on a form provided by respondent, petitioner produced at the hearing a Form 656, entitled "Offer in Compromise," the entries thereon being carbon copies. The form shows on its face that it was not printed until August, 1924. In a protest filed with the respondent on or about June 22, 1923, petitioner stated in one paragraph thereof: "I am herewith making an offer of compromise in the amount of $12,880.55 (certified check) in full payment of all Federal income and excess profits taxes and penalties for the years 1917, 1918 and 1919." This check was not accepted in full payment of all taxes and penalties for the years 1917, 1918 and 1919. It was further

proved by the respondent that misrepresentations and fraudulent statements with respect to income were made by petitioner's representative, F. J. Sullivan, at the above mentioned conferences, which were held prior to August 29, 1923, on which date additional taxes and penalties totaling $20,143.77 were assessed for 1918 and 1919. It has not been shown that there was any compliance with the provisions of section 3229 of the Revised Statutes. The evidence fails to establish that the respondent entered into any agreement of settlement and compromise of petitioner's tax and penalty liability for any of the taxable years.

After the assessment in November, 1924, petitioner was indicted in the United States District Court for the Eastern District of North Carolina, upon a charge that the amended returns filed in 1923 for the years 1917, 1918 and 1919, and the original return filed for 1921, were false and fraudulent. The petitioner was tried under this indictment and acquitted of the charges with reference to the amended returns for 1917, 1918 and 1919, but convicted of the charge in relation to his original return for 1921. Petitioner claims that the assertion of a penalty for 1921 is barred because of his conviction upon the same charge here urged. The 50 per cent penalty asserted for 1921 under section 250 (b) of the Revenue Act of 1921 was properly assessed and is collectible, notwithstanding the petitioner's trial and conviction of filing a false and fraudulent return for 1921. Section 250 (b) specifically provides that such penalty is "in addition to other penalties provided by law for false or fraudulent returns."

The respondent having sustained the burden of proving fraud, and the petitioner having failed to show error on the part of the respondent, or that his correct tax liability for the years in question is less than the amounts assessed against him, the determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*