EARLE C. PARKS AND BERNICE D. PARKS, PETITIONERS, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67563. Filed November 23, 1959.

*Earle C. Parks, Esq., pro se.*
*Raymond T. Mahon, Esq.,* for the respondent.

**OPINION.**

RAUM, *Judge:* 1. Petitioners do not challenge the correctness of the Commissioner's determination as to 1952. Instead, they argue that there has been an "accord and satisfaction," a compromise or settlement for 1952, between them and the then collector of internal revenue for the Boston district; and that the Commissioner is therefore precluded from determining any deficiency as to 1952.

(a) In the first place, it is highly dubious whether this issue is properly pleaded. Rule 7(c)(4)(B) of our Rules of Practice requires a petitioner to include in paragraph 4 of his petition "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency," and provides further that "[e]ach assignment of error shall be lettered." Also, the same rule provides that paragraph 5 of the petition must contain "[c]lear and concise lettered statements of the facts upon which the petitioner relies as sustaining the assignments of error." See *Nathan Goldsmith*, 31 T.C. 56, 63.

These requirements are not idle technicalities. It is important to the orderly conduct of a lawsuit that both the Court and the opposing party be properly informed by the pleadings as to precisely what issues are presented for decision.

Petitioner's paragraph 4, to the extent that it relates to the year 1952, consists of two sentences which are set forth in full in the margin.[1] The first sentence deals with the basic deficiency and nothing therein, or in the schedules referred to, in any way is con-

---

[1] "4. The determination of tax set forth in the notice of deficiency for the year 1952 is based in the main upon the disallowance of certain cash expenditures for alleged depreciable furniture, fixtures and office equipment, and certain other minor adjustments upon audit, all as more fully set forth in Exhibit B, Schedules 1 and 1-A attached hereto. The penalty of $833.59 for substantial under-estimation of the estimated tax for the year 1952 under Section 294(d)(2) of the 1939 Code was in error for the reasons set forth hereafter, as well as being precluded by Section 3631 of the Internal Revenue Code of 1939."

cerned with the defense of "accord and satisfaction." The second sentence deals only with the so-called "penalty," and nothing set forth therein could possibly be described as a "clear and concise" assignment of error based on "accord and satisfaction." To be sure, the second sentence does undertake to say that the "penalty" was in error "for the reasons set forth hereafter,"[2] and there is some language in paragraph 5, which, in the light of the contention made by petitioner for the first time at the hearing, could possibly be construed to relate to "accord and satisfaction." But, at best from petitioner's point of view, (1) paragraph 4 itself is faulty under our rules, (2) it deals in this regard only with the "penalty" and not with the basic tax, and (3) even if paragraph 5 may be engrafted upon paragraph 4—a situation not contemplated by our rules, since we look to paragraph 4 for assignments of error and to paragraph 5 for allegations of fact backing up such assignments—the allegations in paragraph 5 are not of such character as to present clearly an accord and satisfaction issue without further elaboration. However, it is not necessary to decide this issue merely upon the pleadings, for it is clear in any event that the point is without merit.

(b) On the merits of this issue, petitioner has failed to establish any "accord and satisfaction," compromise or settlement for 1952 which would preclude respondent from assessing additional taxes with respect to that year. As was stated in *Victoria R. Johnston*, 19 B.T.A. 630, 633: "The action of the Commissioner in determining the deficiency is presumably correct and the burden is upon the petitioner * * * to show the contrary." Petitioner has failed to carry that burden. No written agreement evidencing "an accord and satisfaction" was ever drafted or signed by the parties, nor was there any exchange of correspondence which might be interpreted as such an agreement. Moreover, there is no basis in the facts and circumstances material to the year 1952 from which an "accord and satisfaction" might be implied. Although the Government agreed to discharge its tax lien upon payment by petitioner of the balance of tax due on the face of the return, it is settled that such an agreement does not operate as an "accord and satisfaction" with respect to petitioner's total tax liability for the year in question, nor does it estop respondent from thereafter assessing additional taxes and penalties. *George H. Baker*, 24 T.C. 1021, 1025; see *Joseph T. Miller*, 23 T.C. 565, affirmed 231 F. 2d 8 (C.A. 5). Petitioner's testimony on direct, if credible, tends merely to establish his own con-

---

[2] The reference to section 3631 has nothing to do with "accord and satisfaction." It relates to "unnecessary examinations or investigations," and petitioner in his opening statement to the Court has made clear that he does not now challenge the deficiency by reason of allegedly multiple audits made by Government agents.

clusion that the year 1952 was "closed." There is no evidence that there was any controversy at that time between the parties as to the *amount* of liability for 1952, or that petitioner did anything more than pay the taxes reported on the return. Petitioners have failed to show that there was any consideration for an accord and satisfaction in respect of any additional liability. Moreover, we are not satisfied by the evidence that respondent agreed to accept petitioner's check in complete satisfaction of the 1952 tax liability. And finally, in any event, even if the subordinate revenue officials present at the second conference informally agreed to accept petitioner's payment as an "accord and satisfaction" for 1952, such an agreement would not be a compromise pursuant to the exclusive statutory method of compromise authorized by section 3761, I.R.C. 1939, and would not be binding on the Commissioner. *Botany Worsted Mills* v. *United States*, 278 U.S. 282; *Leach* v. *Nichols*, 23 F. 2d 275 (C.A. 1); *L. Loewy & Son, Inc.* v. *Commissioner*, 31 F. 2d 652 (C.A. 2), affirming 11 B.T.A. 596; *Hughson* v. *United States*, 59 F. 2d 17 (C.A. 9), certiorari denied 287 U. S. 630; *Hanby* v. *Commissioner*, 67 F. 2d 125 (C.A. 4), affirming 26 B.T.A. 670; *Joyce* v. *Gentsch*, 141 F. 2d 891 (C.A. 6); *Bank of New York* v. *United States*, 170 F. 2d 20 (C.A. 3); *Victoria R. Johnston, supra; Henry Hudson*, 39 B.T.A. 1075; *George H. Baker, supra.*

2. As to the year 1954, petitioners do not contest the basic deficiency of $949.66, but they do argue that the addition to tax under section 294(d)(1)(A) is improper since petitioner was allegedly assured at the second conference at the director's office that "only one penalty would be assessed." Although we are satisfied that there was some discussion at that conference with respect to penalties, we are far from satisfied on the evidence—in the absence of more precise testimony as to the nature of the alleged representations—that petitioner received any such assurance. The burden of proof in this respect was on petitioners, and by reason of their failure to meet that burden we have found as a fact that no such representations were made. Petitioners did not in fact file a declaration for 1954, and we hold that the addition to tax under section 294(d)(1)(A) was justified. However, the Supreme Court's decision in *Commissioner* v. *Acker*, 361 U.S. 87, makes clear that the further addition under section 294(d)(2) for substantial underestimation was improper. In the circumstances, the section 294(d)(1)(A) addition is approved, but the section 294(d)(2) addition is disapproved.

*Decision will be entered in accordance with the foregoing opinion.*