STEPHEN B. JOHNSTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnston v. Commissioner
Docket No. 6079-72.
United States Tax Court
T.C. Memo 1973-198; 1973 Tax Ct. Memo LEXIS 88; 32 T.C.M. (CCH) 923; T.C.M. (RIA) 73198; September 10, 1973. Filed Stephen B. Johnston, pro se. Richard R. Harrington, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner proposed an assessment in the amount of $3,019.48 plus interest against petitioner, Stephen B. Johnston, constituting his alleged liability as transferee of assets of Fahy Foundation of Long Beach, California, for income tax due "for the taxable year ended 2 February 28, 1968". [1] The parties have filed a stipulation of facts, which embodies the bulk of the facts and evidence before us. *89 Petitioner is a student. He resided in Lakewood, California, when the petition herein was filed. He is the stepson of Bryon D. Fahy (also known as B. Douglas Fahy and referred to hereinafter as "Mr. Fahy"), former president of Fahy Foundation, apparently a taxable corporate entity. On February 6, 1970, a tax deficiency of $3,019.48 was assessed against the Fahy Foundation for the fiscal year ended February 28, 1968; a ten day notice and demand was sent on the same date. On May 26, 1970, there was issued a "Request For Payment (Part I Form TYD-69)" to the Fahy Foundation for the foregoing liability. On June 1, 1970, the Fahy Foundation transferred legal title of a 1967 Cadillac Coupe de Ville to petitioner without receipt of consideration. The Cadillac then had a fair market value of $3,600 and was encumbered to the extent of $155.33. The transfer left the Fahy Foundation without assets, and it became insolvent. On August 4, 1970, Mr. Fahy signed a 3 "Statement of Financial Condition" on behalf of the Fahy Foundation attesting that it had no assets, was defunct, and owed Federal taxes in the amount of $3,019.68. On April 27, 1972, a notice of transferee liability was *90 sent to petitioner showing a transferee liability of $3,019.48, plus interest as provided by law. The parties are in agreement that the Fahy Foundation's deficiency is in that amount. On May 12, 1972, petitioner executed a personal check for $30.19, payable to the order of the Internal Revenue Service. In the lower left hand corner of the check were the words "Payment in full 1968 liability", and the check was accompanied by an unaddressed communication signed by petitioner and reading "Enclosed is payment in full for unliquidated tax liability in regards to Fahy Foundation and tax year 1968". It is well established that although the Federal statute provides the machinery for collecting taxes from a transferee (sections 6901 and 6902 of the 1954 Code), the transferee's liability is based upon state law. Commissioner v. Stern, 357 U.S. 39. And it is undisputed that the applicable state law here is that of California. In our opinion petitioner's liability rests on either of two provisions of the California Civil Code (1970), section 3439.04 and 3439.07. 4 We consider first section 3439.07, which provides: Every conveyance made and every obligation incurred *91 with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. Although the evidence before us is fragmentary, the inferences therefrom are nevertheless strong and convincing that the transfer of the car to petitioner was collusive and made with the intent to defeat and evade payment of taxes owed to the United States, and we so find as a fact. As is frequently the case in situations of this sort, "direct proof of fraudulent conveyance is often impossible. Proof indicative of fraud may come by inference from circumstances surrounding the transaction, relationship and interest of the parties". Burns v. Radoicich, 77 Cal. App. 2d 697, 702, 176 P.2d 77, 80-81. To be sure, it would seem that the prime mover in this collusive scheme was petitioner's stepfather, Mr. Fahy, but petitioner did cooperate with him by permitting himself to be used in its execution. We think that section 3439.07 of the California Civil Code is applicable here. In any event, petitioner's liability may be founded upon section 3439.04 of the California Civil Code which provides: *92 Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration. 5 The applicability of these provisions is so clear that hardly any discussion seems to be required. The undisputed facts are that the Fahy Foundation was left without assets and became insolvent upon the transfer to petitioner, thereby bringing section 3439.04 into play. Petitioner has argued that he never drove the car, that it remained in the possession of his mother or stepfather, and that he acted only in a "fiduciary capacity" for the benefit of his stepfather. The fact is, however, that legal title to the car was transferred to petitioner; it was registered in his name without any indication whatever that it did not belong to him. The contention that he was merely a "trustee" appears to us to be contrived. Nor do we take seriously the evidence that only several days before the trial herein (June 25, 1973) - when the value of the car was obviously substantially less than at the time of the June 1, 1970 transfer *93 to petitioner - title was transferred back to the Fahy Foundation at the behest of Mr. Fahy. The Court will not engage in a game, manipulated by Mr. Fahy, in which we are called upon to guess which shell the pea is under. Petitioner, on June 1, 1970, became the registered owner of an asset having a value of $3,600, that was subject only to an encumbrance in the amount of $155.33. He is a transferee to the extent of the difference between those two amounts, and is accountable as a transferee to that extent. 6 Finally, we need give only brief consideration to petitioner's extraordinary contention that any liability owed was discharged by his payment of $30.19 as an "accord and satisfaction". There is no merit whatever to the point. Cf. Botany Worsted Mills v. United States, 278 U.S. 282; Earle C. Parks, 33 T.C.298, 302; Victoria R. Johnston, 19 B.T.A. 630. Decision will be entered for the respondent. Footnotes
1. Since the last day of February, 1968, was on the 29th, the reference to February 28 was probably in error. However, throughout this case the parties have used February 28 in referring to the end of the fiscal year involved, and our use of that date is intended merely to follow the statutory notice and the stipulation of facts. ↩