ROGER M. KEHEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kehew v. Commissioner
Docket No. 13545-82.
United States Tax Court
T.C. Memo 1983-354; 1983 Tax Ct. Memo LEXIS 432; 46 T.C.M. (CCH) 478; T.C.M. (RIA) 83354; June 16, 1983. Roger M. Kehew, pro se. Patrick C. McGovern, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before us on respondent's motion to dismiss for failure to state a claim upon which relief can be granted, filed on October 22, 1982, pursuant to Rule 40, [1] and heard on February 17, 1983. Petitioner resided in San Diego, California, when he filed his petition and amended petition in this case. By statutory notice, dated April 14, 1982, respondent determined that petitioner and his spouse, Denise B. Kehew, had a deficiency in their 1978 Federal income tax and an addition to tax under section 6653(a) in the respective amounts of $553 and $28. The *433 only income adjustment determined by respondent was that petitioner and his spouse received taxable income during 1978 in the amount of $3,987, paid by Bailed Associates, which was not reported on the joint Federal income tax return for such year. On June 11, 1982, petitioner submitted a document to this Court which was filed on such date as a petition, wherein he states the following: Please send information and forms to petition a claim to the United States Tax Court. I need information sufficient to cover two people filing a joint return with the IRS in which the IRS has filed for a deficiency judgment. Since this is the second letter requesting these forms please place this matter on a priority list so it will be handled within the statute of limitations. On June 24, 1982, the Court ordered petitioner to file a proper amended petition with this Court on or before August 24, 1982. On August 6, 1982, the Court, for cause shown, extended the date on which petitioner's amended petition had to be received by this Court to September 7, 1982. On September 7, 1982, petitioner filed his amended petition with this Court. In this amended petition, petitioner states that he *434 does not owe the deficiency determined by respondent or the negligence addition to tax. In addition, the amended petition alleges that, on or before December 24, 1980, petitioner mailed a letter and a $10 personal check payable to the Internal Revenue Service; that the check was tendered by petitioner as a full accord and satisfaction for any liability or deficiency which petitioner may owe for his 1978 taxable year; that respondent did cash such check, and by doing so, acknowledged full accord and satisfactions of the deficiency and addition to tax set forth in the statutory notice. Attached to and made a part of petitioner's petition was a copy of the aforementioned check which contained the words "Full satisfaction of account" typed in the lower left hand corner. The letter provides as follows: I do not believe I owe you the amount claimed in your letter, nor do I believe I have a refund coming. Enclosed is $10.00 as an accord for my 1978 account in the event there is an error. By cashing this check you realize full satisfaction for my 1978 account. This is not an admission of liability. At the hearing of this case, respondent conceded that petitioner sent to the Internal *435 Revenue Service (IRS) the letter set forth above, a check in the amount of $10, and that the IRS deposited such check. Respondent does maintain, however, that the government's acceptance and cashing of petitioner's check does not represent an accord and satisfaction. Rule 40 provides, inter alia, that a motion asserting failure to state a claim upon which relief can be granted shall be treated as one for summary judgment and disposed of as provided in Rule 121, if matters outside the pleading are to be presented. Since we have considered respondent's concessions (noted, supra) at the hearing of this case, respondent's motion shall be treated as one for summary judgment with respect to petitioner's claim that there was an accord and satisfaction. The law clearly supports respondent's position. The simple acceptance and cashing of a check tendered by a taxpayer does not represent an accord and satisfaction, or any similar final determination binding upon the government as the recipient of the funds. [2]Botany Worsted Mills v. United States,278 U.S. 282 (1929); Moskowitz v. United States,285 F. 2d 451, 453 (Ct. Cl. 1961); Parks v. Commissioner,33 T.C. 298, 302 (1959); *436 Johnston v. Commissioner,19 B.T.A. 630, 632-633 (1930). The requirements of sections 7121 and 7122, I.R.C. 1954, must be satisfied in order to achieve a compromise or settlement which will be binding on both the taxpayer and the government. [3]Moskowitz v. United States,supra;Milleg v. Commissioner,19 T.C. 395 (1952). At the hearing of this case, petitioner indicated that aside from the accord and satisfaction allegations in his amended petition, such petition raises error committed by respondent and, therefore, he has stated a claim upon which relief can be granted. We disagree. Aside from the accord and satisfaction allegations, petitioner's amended petition alleges nothing more than *437 a general assignment of error to the effect that petitioner is not liable for a deficiency or negligence addition to tax for 1978. Such a general assignment of error, unsupported by a statement of the facts upon which petitioner relies, does not constitute proper pleading or state a claim upon which relief can be granted. [4]
To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. See also Colebank v. Commissioner,T.C. Memo. 1977-46, affd. without opinion 610 F. 2d 999 (D.C. Cir. 1979), cert. denied 449 U.S. 953 (1980); Johnston v. Commissioner,T.C. Memo. 1973-198↩. 3. Colebank v. Commissioner,T.C. Memo. 1977-46, affd. without opinion 610 F. 2d 999 (D.C. Cir. 1979), cert. denied 449 U.S. 953↩ (1980).
4. See Sidle v. Commissioner,T.C. Memo. 1982-124↩.