THE BRUNSWICK HOSPITAL CENTER, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunswick Hospital Center, Inc. v. Commissioner
Docket Nos. 25068-82, 3356-85.
United States Tax Court
T.C. Memo 1987-253; 1987 Tax Ct. Memo LEXIS 254; 53 T.C.M. (CCH) 850; T.C.M. (RIA) 87253; May 18, 1987. Herbert C. Kantor, for the petitioner. Lewis R. Mandel, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: These cases are before the Court on petitioner's motion for summary judgment filed October 27, 1986, pursuant to Rule 121. [1] Respondent has objected to petitioner's motion. Both parties have introduced affidavits and other acceptable materials in support *255 of their positions. Rule 121. In these consolidated cases, respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows: Additions to Tax
[2] Year Deficiency
Sec. 6653(b)
Sec. 6653(a)
1976
$170,954.00
$85,477
1977
190,892.00
95,446 1978
159,743.93
$7,607.70
The issue addressed in the motion for summary judgment is respondent's disallowance of the repair and maintenance expenses claimed on petitioner's returns for the taxable years in issue. While it is not disputed that petitioner made payments to Nathan Director (Director), [3] doing business as Nat's Plumbing and Heating, in the amounts of $471,760, $617,255 and $319,293.71 for 1976, 1977 and *256 1978, respectively, respondent disallowed these deductions on the basis that such remittances did not represent payments for services actually rendered and were not made in the ordinary course of business. Petitioner, a corporation, owns and operates Brunswick Hospital Center (the Hospital), a large medical institution in Amityville, New York. In its petitions, filed October 18, 1982 and February 12, 1985, respectively, it alleged error on the part of respondent in disallowing the deductions claimed by the Hospital for the repair, maintenance and improvement of its physical facilities, including expenditures for plumbing and heating. Petitioner asserted that it incurred expenses for repairs and maintenance as ordinary and necessary expenses of its trade or business and that these expenses were substantiated by canceled checks and invoices, *257 all of which were examined and verified at a prior field audit. Petitioner also alleged that the statutory notice was not timely with respect to taxable years 1976 and 1977. Respondent, in his answer, specifically alleged fraud and contended that all or part of these payments were returned to petitioner by Director as kickbacks or were "kicked back" to some other individuals associated with the Hospital and were not paid for plumbing services. Petitioner replied and affirmatively denied that any part of the amounts paid to Director or Nat's Plumbing and Heating constituted illegal kickbacks or rebates. Petitioner then sent a request for information to the District Counsel's Office of the Internal Revenue Service on December 6, 1985, wherein it sought any information from respondent which supported its contentions. The District Counsel, by letter dated April 8, 1986, responded as follows: Respondent has no definite knowledge concerning illegal kickbacks or rebates during 1976, 1977 and 1978 but has inferred same from information and statements made by Nathan Director or his representatives. Petitioner attached to its motion for summary judgment the affidavits of Herbert C. *258 Kantor, its attorney, and Dr. Benjamin Stein, president and administrator of the Hospital. In their affidavits these individuals reiterate that the payments were based on invoices rendered to petitioner from Nat's Plumbing and Heating and reflected services actually performed for petitioner. The affiants deny that petitioner or any officer, employee or agent of petitioner ever received the return of any funds from Nat's Plumbing and Heating as either a kickback, a bribe or otherwise. Petitioner, in its memorandum of law, sets forth several arguments in support of its motion. First, it argues that there is no genuine issue as to any material fact and contends that respondent's "unsubstantiated assertions" are insufficient to compel a trial. Petitioner states that the Commissioner has no substantive evidence showing that it received kickbacks or rebates from Director, but instead has inferred this possibility from Director's failure to report all of the payments received by him as income. Petitioner notes that Director has filed petitions with this Court involving the taxable years 1976 and 1977 but has never stated that he paid any kickbacks to petitioner in his pleadings. [4] *259 Petitioner emphasizes that Director has asserted that he would claim his Fifth Amendment privilege against self-incrimination if questioned about his receipt of income. The thrust of petitioner's *260 next argument is that the Commissioner's determination of deficiencies in its taxes requires petitioner to come into this Court and prove a negative (nonreceipt of income). Petitioner relies upon Dellacroce v. Commissioner,83 T.C. 269 (1984), affd.    F.2d    (7th Cir., Oct. 6, 1986), as well as Schaffer v. Commissioner,779 F.2d 849, 858 (2d Cir. 1985); Llorente v. Commissioner,649 F.2d 152, 156 (2d Cir. 1981), affg. in part and reversing and remanding in part 74 T.C. 260 (1980), and asserts that respondent's notices of deficiency are not entitled to the benefit of any presumption because his only basis for filing the notices is a suspicion or surmise that kickbacks were paid. It contends that respondent will not be able to satisfy his burden of going forward with evidence establishing that petitioner's repairs and maintenance expenses were not incurred in the ordinary course of its business. Petitioner then argues that, even if respondent's notices of deficiency are entitled to a presumption of correctness, its evidence rebuts any presumption which existed in respondent's favor because respondent cannot defeat *261 summary judgment merely by claiming that there is a possibility that Director will ultimately be compelled to give evidence of kickbacks. Petitioner notes that respondent has had several years to obtain such evidence from Director or to test his privilege in pre-trial discovery. In addition, petitioner asserts that Director's privilege against self-incrimination is valid and that respondent cannot properly claim that the privilege has expired. Therefore, it is petitioner's position that respondent will be unable to elicit evidence of kickbacks even if such evidence exists. Petitioner also urges that if any unfavorable inferences are to be drawn from the assertion by Director of his privilege such inference can only be drawn against Director and not against petitioner. Respondent, in his notice objecting to petitioner's motion, argues that a motion for summary judgment cannot lie because there is a genuine issue of material fact. Respondent also disagrees with petitioner's reliance on Dellacroce and related cases and states that Director's pleadings, which respond to the adjustments made in the notices of deficiency reflecting income from the Hospital make the facts in the *262 instant case distinguishable from Dellacroce. Respondent attached to his motion an affidavit executed by his trial counsel as well as an affidavit of Special Agent Edward Krayewski. Agent Krayewski states that Dr. Stein invoked his privilege against self-incrimination when he was examined by respondent during respondent's investigation of the income tax liabilities of Director. Respondent, therefore, contends that the statements contained in Dr. Stein's affidavit can only be legally controverted by cross-examination of the affiant and, due to his prior invocation of his Fifth Amendment privilege, by the evaluation of his testimony and demeanor by the trier of fact. Respondent also asserts that the testimony of Director is required in order to controvert the statements made in the affidavits of Dr. Stein and Mr. Kantor. Under such circumstances, respondent contends that Rule 121(d) and (e) mandates a denial of petitioner's motion for summary judgment. Finally, respondent argues that petitioner's motion papers, supporting affidavits and memorandum of law do not address the issue of fraud raised by respondent in his notices of deficiency for 1976 and 1977 which is clearly a material *263 issue of fact to which a genuine dispute exists. Petitioner filed a reply memorandum wherein it argues that respondent's speculative and unsupported assertions do not justify a denial of the motion for summary judgment. Contending that Dr. Stein has never asserted any privilege in the instant proceedings, petitioner notes that respondent has taken no steps to obtain pre-trial disclosure from this affiant. Accordingly, in petitioner's opinion, such failure to take Dr. Stein's testimony does not create a material issue of fact. A motion for summary judgment will not be granted if there is a genuine issue of material fact. Gulfstream Land and Development v. Commissioner,71 T.C. 587 (1979). The existence of any reasonable doubt as to the facts will result in denial of a motion for summary judgment. Hoeme v. Commissioner,63 T.C. 18, 20 (1974). Summary judgment will be granted only if the pleadings and any other materials submitted to the Court show that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. Because the granting of a summary judgment motion is to decide an issue against a party without *264 allowing him an opportunity for trial, such action has been frequently called a drastic remedy to be cautiously invoked and used sparingly after careful consideration of the case reveals that the requirements have clearly been met. Associated Press v. United States,326 U.S. 1, 6 (1945); FLLI Moretti Cereali v. Continental Grain Co.,563 F.2d 563 (2d Cir. 1977). Normally a full trial is preferred in order to observe the demeanor of the parties and their witnesses, as well as to evaluate the evidence. Oakland Hills Country Club v. Commissioner,74 T.C. 35, 40 (1980); Hoeme v. Commissioner,supra.
The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. United States v. Diebold, Inc.,369 U.S. 654 (1962); Jacklin v. Commissioner,79 T.C. 340 (1982); *265 Espinoza v. Commissioner,78 T.C. 412 (1982). We conclude that petitioner's motion for summary judgment must be denied. First, the pleadings establish that there is a genuine issue of material fact to be decided for each of the taxable years herein. While it is conceded that petitioner made payments in the amounts deducted on its returns, respondent disputes petitioner's claim that such payments were rendered for expenses actually incurred in a trade or business and alleges that all or part of such payments were returned to petitioner as kickbacks. Thus, the intent of petitioner, its officers or agents in making payments to Nat's Plumbing and Heating involves a genuine issue of material fact which is critical to the characterization of those payments. [5] This Court has refused on many occasions to grant summary judgment where intent is the material issue in the case. See, for example, Oakland Hills Country Club v. Commissioner,supra at 40; Hoeme v. Commissioner,supra at 20; Shiosaki v. Commissioner,61 T.C. 861 (1974). *266 Despite petitioner's contention that respondent has made only unsubstantiated assertions in his affidavits opposing the motion, denial of summary judgment is warranted under Rule 121(d) and (e), upon which respondent relies. Specifically, where a party opposing the motion asserts in his affidavits that the only legally available method of controverting the facts set forth in the affidavits of the moving party is through cross-examination of such affiants or the testimony of third parties from whom affidavits cannot be secured, such a showing may be deemed sufficient to establish that the facts set forth in such supporting affidavits are genuinely disputed. Rule 121(e). The circumstances herein fall within the parameters of that rule. This case has been continued over the course of several years because at each calendar call Director's attorney has indicated that Director, if called to testify, would assert his Fifth Amendment privilege. [6] In granting the continuances, this Court concluded that, despite the inconvenience to petitioner, the interests of all would best be served by delaying trial in the instant proceeding until the statute of limitations for criminal tax prosecution *267 had run with respect to Director. Considering these facts, coupled with Dr. Stein's prior lack of cooperation, it is axiomatic that respondent has been unable to conduct any extensive pre-trial discovery. Because respondent has stated that the issue of whether payments were ordinary or necessary business expenses or were designated as payments to be kicked back to petitioner or its agents is a factual question necessitating testimony of witnesses, including cross-examination, respondent has not made mere denials or assertions in opposing petitioner's motion and there exists a genuine dispute as to material facts. Petitioner's motion, therefore, will be denied. [7]
*268 An independent reason for concluding that summary judgment is inappropriate is because the issue of fraud is in controversy with respect to the taxable years 1976 and 1977. Fraud is never presumed and the presence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner,328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 389 U.S. 912 (1967). To establish fraud, it must be shown that the taxpayer acted with a specific intent to evade a tax believed to be owing. [8]Kotmair v. Commissioner,86 T.C. 1253, 1259-60 (1986). As we emphasized earlier, summary judgment is inappropriate when issues of motive, intent and other subjective feelings and reactions are material. 6 Moore, Federal Practice, par. 56.17, pp. 56-930 (2d ed. 1948). See also Espinoza v. Commissioner,supra at 417; Hoeme v. Commissioner,supra at 20. *269 In concluding, we also note that the cases relied upon by petitioner do not support the proposition that if a statutory notice of deficiency is found to be arbitrary we will enter a decision for petitioner, without weighing the evidence. In cases such as Dellacroce, where we have held as a procedural matter that the statutory notice of deficiency was not entitled to the presumption of correctness and, therefore, the burden of going forward was on the Commissioner, we did not hold for the taxpayer as a matter of law. [9] Rather, we held for the taxpayer because the evidence at trial did not support the determination of a deficiency. We must also emphasize that the Court's summary judgment procedures are adapted from rule 56(a) and (b), Federal Rules of Civil Procedure. Note to Rule 121, Tax Court Rules of Practice and Procedure, 60 T.C. 1057, 1127 (1973). Rule 56 contemplates a summary judgment for a part or all of the claim made in the prayer for relief in the complaint; it does *270 not contemplate a summary judgment on evidentiary matters in route to that relief. 6 Moore, Federal Practice, par. 56.20 [3.-2], p. 2751 (2d ed. 1948). Because petitioner's motion for summary judgment contains arguments pertaining to the shifting of the burden of going forward, it seemingly falls within the ambit of the rule prohibiting summary judgments on evidentiary matters. Arguments relating to burden of proof and the burden of going forward with the evidence are more appropriately raised in the trial setting. Accordingly, for all the foregoing reasons, petitioner's motion for summary judgment will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, any Rule references refer to the Tax Court Rules of Practice and Procedure and all section references shall refer to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
2. Respondent issued a notice of deficiency on August 12, 1982, for the taxable year 1978. With respect to the taxable years 1976 and 1977, respondent issued a notice of deficiency on January 22, 1985.↩
3. Nathan Director was the sole shareholder and corporate officer of Direct Plumbing Corp. (Direct Plumbing), a subchapter S corporation. Direct Plumbing received payments from one of the checking accounts that Director maintained for Nat's Plumbing and Heating and reported these payments as income received from Brunswick Hospital Center.↩
4. Director has two petitions before this Court in docket Nos. 15877-84 and 15878-84. In his notices of deficiency, respondent determined that Direct Plumbing reported receipts from Brunswick Hospital Center through Nat's Plumbing and Heating in 1976 and 1977 in the respective amounts of $123,270 and $219,565, but failed to report gross receipts of $356,155 and $397,690 for the taxable years 1976 and 1977, respectively. As a result of Direct Plumbing's failure to report these receipts, respondent alleged that Director understated his share of the undistributed taxable income from Direct Plumbing for those two taxable years in issue. In each of his petitions seeking redetermination of the deficiencies determined by respondent, Director claims that the deficiency determinations are incorrect because (1) his return correctly reflects all taxable income, (2) the deficiency taxes him on imputed income; and (3) the said income is not income to him and is not taxable to him as income.↩
5. With respect to petitioner's argument that its books and records establish that all payments were legitimate business expenses and there is no evidence of kickbacks, we emphasize that it has long been a principle of Federal income tax law that a transaction's substance rather than its form controls. As noted in Kolkey v. Commissioner,27 T.C. 37, 57-58↩ (1956), "[t]he important consideration is not the formalities, however meticulously observed, in which the parties cast their transactions, but rather the substance of such transactions and the true nature of the relationship created thereby."
6. It is somewhat presumptuous on petitioner's part to claim that Director's assertion of the privilege against self-incrimination is valid. It is for this Court to determine the validity of that privilege, which is unique only to him. We note, however, that in general, the Fifth Amendment may not be claimed in civil tax cases where there is no reasonable apprehension of criminal prosecution. Harper v. Commissioner,54 T.C. 1121↩ (1970). 7. Petitioner's argument that there are no genuine issues of material fact because respondent, pursuant to a field audit, followed by Appeals Division review, examined and verified petitioner's books and records, checks and invoices, is also without merit. For purposes of litigation, prior administrative findings or recommendations are not binding or conclusive. Montgomery v. Commissioner,65 T.C. 511 (1975). See Elek v. Commissioner,30 T.C. 731 (1958) (allowance of loss by District Director does not bar respondent from making a redetermination or reversing that position). Moreover, there is nothing in the record indicating that petitioner and respondent signed closing agreements or compromises or agreements evidencing "accord and satisfaction" with respect to the taxable years in issue. Parks v. Commissioner,33 T.C. 298 (1959). See also McIlhenny v. Commissioner,39 F.2d 356↩ (3d Cir. 1930) (despite prior audit, Commissioner was free to disallow deduction previously allowed and determine a deficiency since no closing agreement had been executed).
8. Normally, the taxpayer has the burden of showing that respondent's deficiency determinations are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Respondent, however, has the burden of establishing by clear and convincing evidence the elements of fraud for the addition to tax under section 6653(b). Sec. 7454; Rule 142(b); Stone v. Commissioner,56 T.C. 213, 220 (1971). Similarly, where the normal three-year statute of limitations (Sec. 6501(a)) has run, then respondent must prove that the taxpayer's returns were false or fraudulent with the intent to evade tax so that the tax may be assessed "at any time" under section 6501(c)(1). The elements of the fraud under section 6501(c)(1) for limitations purposes are essentially the same as the elements of fraud under section 6653(b) for the 50 percent civil fraud addition for any "underpayment" of tax "due to fraud." Estate of Temple v. Commissioner,67 T.C. 143, 159-160 (1976); McGee v. Commissioner,61 T.C. 249, 256-257, 261 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976); Amos v. Commissioner,43 T.C. 50, 55 (1964), affd. 360 F.2d 358↩ (4th Cir. 1965). In the instant case, the normal three-year period for assessment of deficiencies expired before respondent issued his statutory notice of deficiency. Thus respondent must prove fraud to lift the bar of the statute of limitations for taxable years 1976 and 1977.
9. We note that in Dellacroce v. Commissioner,T.C. Memo. 1982-243↩, the taxpayer therein filed a motion for summary judgment which we denied for similar reasons.