ROBERT FOULDS AND NANCY FOULDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foulds v. Commissioner
Docket No. 28873-86
United States Tax Court
T.C. Memo 1989-29; 1989 Tax Ct. Memo LEXIS 29; 56 T.C.M. (CCH) 1112; T.C.M. (RIA) 89029; January 17, 1989
Robert J. Foulds, pro se. Robert Kern, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code. [1] By a statutory notice dated April 11, 1986, respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 2,912.55 and an addition to tax of $ 728.13 pursuant to section *31 6651(a)(1). At trial, respondent presented an oral motion for an award of damages under section 6673. The issues for decision are (1) whether the payment or release of a Federal tax lien resulting from petitioners' failure to pay Federal taxes for the year in issue, together with alleged statements by revenue officials concerning petitioners' taxes for such year, precludes respondent from determining a deficiency in petitioners' taxes for such year; (2) whether petitioners are liable for additions to tax under section 6651(a)(1) because they failed to file a Schedule SE reporting self-employment income and tax and because they filed their Federal income tax return for 1983 late; and (3) whether the imposition of damages under section 6673 is appropriate. Petitioners Robert and Nancy Foulds are married and resided at Lyndhurst, Ohio, when they filed their petition in this case. During 1983 Robert Foulds, hereinafter sometimes referred to as petitioner, was a practicing *32 attorney. Nancy Foulds was employed as a nurse during part of the year in question. Petitioners filed a joint return on which they reported gross income of $ 38,229.77 for the 1983 tax year. Of this amount, $ 31,150.25 was income earned by Robert Foulds in his law practice. Petitioners filed their 1983 Federal income tax return on Form 1040, but they did not report self-employment taxes on a Schedule SE. The return was dated September 12, 1984, but was not received by respondent until October 5, 1984. It is undisputed that petitioners are subject to the self-employment tax. Petitioners offered no evidence of reasonable cause which would excuse the late filing of their Form 1040. Petitioners admit that they did not indicate a liability for self-employment taxes on the face of their return. Prior to April 24, 1985, petitioner contacted respondent about tax liens that respondent had filed against petitioners' property. These tax liens were the result of unpaid taxes for the 1981, 1982 and 1983 tax years. Petitioners made arrangements with respondent for payment of the amounts required for release of these liens. On April 24, 1985, petitioners paid respondent the sum of $ *33 4,147.42, which was the amount of tax giving rise to the liens plus interest. Of this sum, $ 231.03 was for 1983 taxes. Respondent provided petitioner with a receipt for the amounts paid and issued two certificates of lien release discharging the liens. [2] These releases were filed in the appropriate county recorder's offices. At the time of payment, petitioner inquired as to a release for the 1981, 1982 and 1983 tax years. He testified that he was told that he could not get a release but that the receipt would be his "release". Petitioner testified that the revenue officials advised that the 'receipt' "along with a certificate of a release of the Federal Tax Liens, would be everything that I would need in order to satisfy the service in the future. That my tax liabilities for those three years had been satisfied." Petitioners neither asked for, nor received a closing agreement from respondent for the 1981, 1982 or 1983 tax years. *34 Petitioners contend that they paid all taxes due in April, 1985, and received a full release from respondent relating to the self-employment tax for 1983. Petitioners suggest that their payment of the amounts required for release of the liens and the issuance of lien releases effectively compromised or settled their entire tax liability. Petitioners urge that this alleged settlement, together with the statements of the revenue officials, precludes respondent from later determining a deficiency for self-employment taxes. Section 7122 sets forth the exclusive procedure by which a taxpayer may enter into a compromise agreement with respondent. Botany Worsted Mills v. United States,278 U.S. 282 (1929). Compromise agreements are required to be in writing and accepted by the Secretary or his delegate. Sec. 301.7122-1(d), Proced. & Admin. Regs; secs. 601.203(a) and 601.203(b) Statement of Procedural Rules. An agreement to discharge a lien does not operate as a compromise with respect to a taxpayer's total tax liability for the year in question. Parks v. Commissioner,33 T.C. 298, 301 (1959). In that case we held that even if subordinate revenue *35 officials at a conference informally had agreed to accept the taxpayer's payment of a lien in full satisfaction of the tax liability, that agreement would not bind respondent. Parks v. Commissioner,33 T.C. at 302. Petitioners bear the burden of proving that respondent's determinations are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). We are not satisfied by the evidence that respondent, either orally or in writing agreed to compromise petitioners' tax liability in exchange for payment of the liens. There was no exchange of writings which might be interpreted as a compromise agreement. The scope of the negotiations between the parties never extended beyond the issue of the liens. Petitioner's own testimony was that he asked for a release for the three tax years and was refused. There is no evidence that the parties ever intended to enter into a settlement or compromise of petitioners' total tax liability. Petitioners have failed to satisfy their burden of proving error in respondent's determination. Further, the doctrine of equitable estoppel is inapplicable in this case. Section 6325 and the lien release itself clearly *36 show that the effect of the statute and release is to extinguish the tax lien and not the tax liability. Baker v. Commissioner,24 T.C. 1021 (1955); Miller v. Commissioner,23 T.C. 565 (1954), affd. 231 F.2d 8 (5th Cir. 1956). In Baker, we held that a discharge of a tax lien could not result in an estoppel against respondent. Respondent cannot be estopped because of a mistake by petitioners as to the effect of section 6325 or a lien release. Miller v. Commissioner, supra.
Respondent is sustained with respect to the imposition of self-employment tax for 1983, for reasons indicated above. Respondent determined a 25 percent addition to tax under section 6651(a)(1) because petitioners' return was not timely filed and did not reflect a liability for self-employment taxes. Section 1401(a) imposes the tax upon self-employment income. Section 6017 requires a taxpayer to make a return with respect to the self-employment tax. Even if petitioners properly had reported their self-employment income with their Form 1040 return, that return was not timely. Accordingly, the addition to tax under section 6651(a)(1) applies. *37 Respondent is sustained on this issue. Respondent seeks to have damages awarded to the United States under section 6673. To award damages under this section, we must find that petitioners instituted or maintained this proceeding primarily for delay, that petitioners' position in this proceeding is frivolous or groundless, or that petitioners unreasonably failed to pursue administrative remedies. On this record, we decline to award damages under section 6673. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect in the year in question, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The format of each certificate states: I certify that as to the following named taxpayer, the requirements of section 6325(a) of the Internal Revenue Code↩ have been satisfied for the taxes listed below and for all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions have been released. The proper officer in the office where the notice of internal revenue tax lien was filed on     19   , is authorized to note the books to show the release of this lien for these taxes and additions.