MICHAEL J. GARDNER AND PATRICIA A. GARDNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12388–79.     Filed December 30, 1980.

*Robert A. Gorfinkle,* for the petitioners.
*John F. O'Brien,* for the respondent.

RAUM, *Judge:* The Commissioner determined a $37,991 deficiency in petitioners' 1975 income tax, as well as a $3,799

addition to tax pursuant to section 6651(a), I.R.C. 1954. This deficiency was primarily the result of an adjustment to petitioners' distributive share of the net losses of Diamond Valley Dairy, Ltd., a partnership in which Mr. Gardner was a limited partner. Petitioners have moved for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure, claiming that the petitioners and the IRS Regional Director of Appeals entered into a binding settlement agreement reducing the deficiency to $10,706, and eliminating the asserted addition to tax.

## FINDINGS OF FACT

Petitioners, husband and wife, were residents of Massachusetts at the time of the filing of their petition.

On or about October 26, 1979, Gerald T. McMahon, an appeals officer with the Office of the IRS Regional Director of Appeals in Boston, Mass. (Appeals Office), mailed petitioners' attorney, Mr. Robert A. Gorfinkle, a letter scheduling a "hearing" with respect to petitioners' case. On January 10, 1980, Mr. McMahon and Mr. Gorfinkle held a conference to arrive at an agreement of settlement between the petitioners and the Government. At the time of the conference, the Appeals Office had exclusive settlement jurisdiction with respect to this case in accordance with section 601.106(d)(3)(iii)(a), IRS Statement of Procedural Rules (26 C.F.R. sec. 601.106(d)(3)(iii) (a) (1980)).

As a result of this conference, Mr. McMahon and Mr. Gorfinkle agreed to settle the case; petitioners' 1975 income tax deficiency was to be $10,706, and the addition to tax was to be waived. The Appeals Office prepared the necessary computations and stipulated decision, and Mr. McMahon forwarded these documents to petitioner on January 11, 1980. The stipulated decision bore a space for the signatures of petitioners and a representative of the Chief Counsel, Internal Revenue Service. Also mailed with the computations and stipulated decision was a cover letter bearing the signature of Mr. McMahon, which described the documents enclosed and contained instructions for their disposition. This letter stated that "The proposed decision document is subject to review, signature, and filing with the Tax Court by District Counsel."

The petitioners, through their attorney, accepted and approved the aforesaid settlement. Petitioners' counsel signed the

stipulated decision on behalf of petitioners, and mailed this decision, along with various other documents, to Mr. McMahon on January 14, 1980. The Appeals Office received these documents in due course. The settlement was arrived at in accordance with the rules set forth in section 601.106(d)(3)(iii)(*a*), IRS Statement of Procedural Rules (26 C.F.R. sec. 601.106(d)(3)(iii)(*a*) (1980)), and the above correspondence took place while the Appeals Office still retained exclusive settlement jurisdiction of the case. However, at no time did Mr. McMahon ever submit a settlement proposal to his supervisor, the Associate Chief of Appeals, who had authority to approve final settlements.

Mr. Gorfinkle assumed that the case was settled as a result of the foregoing events, and on January 17, 1980, he billed his client for the legal services rendered in arriving at the settlement. This bill was paid on January 25, 1980.

On February 12, 1980, Mr. Gorfinkle received a telephone call from Mr. McMahon, and was advised by Mr. McMahon that because of certain information that had come to his attention regarding the activities of the general partners of Diamond Valley Dairy, Ltd., Mr. McMahon found it necessary to now reject the settlement. Mr. McMahon and Mr. Gorfinkle had another telephone conversation the following day. During these conversations, Mr. McMahon expressed his apologies for the action he had taken in rejecting the settlement. At no time did Mr. Gorfinkle approve of or assent to the actions of Mr. McMahon in withdrawing the settlement. On or about April 11, 1980, Mr. Gorfinkle received a copy of an April 10, 1980, letter to petitioners, which stated that the case had been referred to District Counsel for trial because a mutually satisfactory basis for settlement had not been reached. This letter was signed by Constantino Iannaccone, Acting Associate Chief of the Appeals Office. Thereafter, on May 7, 1980, the petitioners filed a motion for summary judgment, together with the affidavit of petitioners' attorney, and a copy of petitioners' request for admissions and the Government's response thereto. Petitioners' motion requests that summary judgment be entered in accordance with the terms of the purported settlement.

OPINION

While we can sympathize with petitioners' consternation at the withdrawal of the settlement agreement, we hold that the

settlement stipulation cannot be enforced because it was never assented to by any IRS official with authority to approve such settlements. Accordingly, petitioners' motion for summary judgment must be denied.

Petitioner contends that the proposed stipulated decision, although unsigned by any representative of the Internal Revenue Service, was approved by the Appeals officer, Mr. McMahon, and must be deemed to have been approved by an official authorized to approve such settlements because it was not *disapproved* by a reviewing appeals officer prior to the time the exclusive settlement jurisdiction of the Appeals Office expired on February 15, 1980.[1] Petitioners contend that according to the Procedural Rules,[2] the only function of the reviewing officer is to disapprove settlements, and that if disapproval is not given prior to the expiration of the period of exclusive settlement jurisdiction of the Appeals Office, the settlement proposal must be deemed approved by the Appeals Office, even if the settlement proposal was never submitted to the reviewing officer. We find this contention to rest on an overly strained reading of the procedural rules.

With respect to cases docketed in this Court, the Commissioner has delegated exclusive settlement authority to the Regional Commissioners for a period of 4 months from the time after which the case is at issue and the Appeals officials receive the case from the Chief Counsel's delegate. Internal Revenue Delegation Order No. 60 (rev. 5), 1979–2 C.B. 482. By Delegation Order No. 66 (rev. 9), 1979–2 C.B. 483 (current revision at 1980–1 C.B. 571), the Commissioner authorized the Chief and Associate

---

[1]For purposes of ruling on this motion, we have assumed that the exclusive settlement jurisdiction of the Appeals Office expired on Feb. 15, 1980, as alleged in Mr. Gorfinkle's affidavit. There is an indication to the effect that this period may have been extended, but such alleged extension is not undisputed between the parties and therefore may not be taken into account in considering a motion for summary judgment.

[2]Sec. 601.106(f)(3), IRS Statement of Procedural Rules, 26 C.F.R. sec. 601.106(f)(3) (1980), provides as follows:

(3) Rule III. Where the Appeals officer recommends acceptance of the taxpayer's proposal of settlement, or, in the absence of a proposal, recommends action favorable to the taxpayer, and said recommendation is disapproved in whole or in part by a reviewing officer in Appeals the taxpayer shall be so advised and upon written request shall be accorded a conference with such reviewing officer. The Appeals office may disregard this rule where the interest of the Government would be injured by delay, as for example, in a case involving the imminent expiration of the period of limitations or the dissipation of assets.

Chief of each Appeals Office to perform the settlement functions delegated to the Regional Commissioners. See generally Rev. Proc. 79–59, 1979–2 C.B. 573; Statement of Procedural Rules sec. 601.106(a)(1), 26 C.F.R. sec. 601.106(a)(1) (1980). Appeals officers, such as Mr. McMahon, do not appear to have been delegated settlement authority, and petitioners thus cannot rely on Mr. McMahon's preliminary approval of the settlement stipulation as being binding on the Commissioner. Furthermore, we think that the Procedural Rules, fairly construed, indicate that no settlement is binding unless approved by a reviewing officer in the Appeals Office or at the very least submitted to him for consideration. Rule III of the Procedural Rules, note 2 *supra*, contemplates that notice will be given a taxpayer if a reviewing officer disapproves of a settlement proposal recommended by an Appeals officer. Surely the rule implies that a settlement proposal must at least be submitted to the reviewing officer, and that such officer must take affirmative action in either rejecting or approving the proposal before it can be taken as binding on the IRS. When read in conjunction with the aforementioned delegation orders, we think it clear that rule III cannot be interpreted to bind the Commissioner to a settlement which has not been submitted to an officer with authority to approve it.

Since the undisputed facts indicate that the purported settlement stipulation was never signed or approved by, or even submitted to, any IRS official authorized to do so, petitioners' motion for summary judgment must be denied. *Cole v. Commissioner*, 30 T.C. 665, 674 (1958), affd. per curiam 272 F.2d 13 (2d Cir. 1959). Cf. *Botany Worsted Mills v. United States*, 278 U.S. 282, 288–289 (1929); *Bowling v. United States*, 510 F.2d 112, 113 (5th Cir. 1975); *Country Gas Service, Inc. v. United States*, 405 F.2d 147, 149–150 (1st Cir. 1969); *Parks v. Commissioner*, 33 T.C. 298, 302 (1959).

*An appropriate order will be entered.*