JACK G. BARATELLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baratelli v. Commissioner
Docket No. 16058-90
United States Tax Court
T.C. Memo 1994-484; 1994 Tax Ct. Memo LEXIS 492; 68 T.C.M. (CCH) 841; October 4, 1994, Filed *492 An appropriate order denying petitioner's motion will be issued. For petitioner: Bruce A. Miller. For respondent: Mary P. Hamilton. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(4) and Rules 180, 181, and 183, and is before the Court on petitioner's Motion For Entry of Judgment. [1]
Petitioner contends that he and respondent entered into an oral settlement agreement in December of 1987 with respect to his 1981 tax liability and that we should enforce the terms of that agreement. Respondent contends that no settlement agreement was completed in 1987 but that petitioner is bound by a Stipulation of Settlement (the piggyback agreement) executed by petitioner and respondent in December of 1991. Respondent determined a deficiency in petitioner's 1981 Federal income *493 tax in the amount of $ 27,060.16 and additions to tax for that year in the amount of $ 8,118.05 under section 6659 for valuation overstatement, in the amount of $ 97.06 under section 6651(a) for failure to file a timely return, in the amount of $ 2,490.66 under section 6653(a)(1) for negligence, and under section 6653(a)(2) in an amount equal to 50 percent of the interest due on the underpayment attributable to negligence. Respondent also determined that interest on deficiencies accruing after December 31, 1984, would be calculated at 120 percent of the statutory rate under section 6621(c), I.R.C. 1986. Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by this reference. Petitioner resided in Tortola, British Virgin Islands, when his petition was filed. This case is part of a litigation project regarding the Plastics Recycling group of cases. In 1981, petitioner acquired a 1.546-percent limited partnership interest in the Clearwater Group, a partnership which is part of the Plastics Recycling group. See Provizer v. Commissioner, T.C. Memo. 1992-177, affd. without published opinion *494 996 F.2d 1216 (6th Cir. 1993), a decision on the merits with respect to a Plastics Recycling case involving the Clearwater Group. On his 1981 Federal income tax return, petitioner claimed an ordinary loss of $ 9,996 from the Clearwater Group. Petitioner also claimed investment tax credits and business energy credits totaling $ 21,570 on his 1981 return with respect to the Clearwater Group. On December 6, 1985, respondent sent petitioner a Form 4549, Income Tax Examination Changes. Thereafter, petitioner protested respondent's proposed changes. In a letter dated April 23, 1987, Dan Mazaroli (Mazaroli), an Appeals officer for respondent, informed petitioner's counsel that petitioner's case was in appeal suspense pending the settlement recommendations of the project attorney, Robert J. Foley (Foley). The letter expressly stated: "Our office is bound by the projects [sic] attorney's determination." At that time petitioner's counsel understood that Mazaroli was not authorized to offer a settlement. At the evidentiary hearing on the pending motion, petitioner's counsel testified that in a telephone conversation on December 28, 1987, Mazaroli conveyed to *495 petitioner's counsel a settlement offer allegedly based upon Foley's settlement position. [2] Petitioner's counsel also testified that he met with Mazaroli on December 30, 1987, and that they orally agreed to settle the case. At that time, there was no exchange of documents, except a letter written by petitioner's counsel and a check in the amount of $ 48,000 drawn on petitioner's account and payable to the Internal Revenue Service. The letter states, in part: "As per our discussions, I have recomputed, in a rough fashion, Mr. Baratelli's 1981 tax liability based on 1) disallowance of Clearwater Group losses, 2) disallowance of ITC [Investment Tax Credit] attributable to Clearwater Group, 3) allowance of $ 6,250, or 1/2 of out of pocket cash contributions in 1981 to Clearwater Group, and 4) imposition of § 6659 penalty."
Petitioner's counsel explained the $ 48,000 as payment for tax deficiency -- $ 23,618, section 6659 penalty -- $ 8,118, and interest -- $ 16,204. In the letter petitioner's counsel also asked Mazaroli to acknowledge receipt of the letter by signing a copy of the letter and returning it to him. Thereafter, neither petitioner nor petitioner's counsel received *496 any type of communication from respondent until February of 1990. On January 26, 1988, Mazaroli requested tentative computations from the Appeals Audit staff of the Internal Revenue Service based on the terms included in the letter drafted by petitioner's counsel on December 27, 1987. No agreements were prepared by respondent at that time. Upon learning of litigation pending in this Court regarding the Plastics Recycling group, petitioner filed an amended return, Form 1040X, which was labeled by petitioner as a "Protective Claim" on July 19, 1988. On this document petitioner claimed all of his deductions and credits related to his investment in the Clearwater Group. In addition, petitioner requested a refund of his $ 48,000 *497 payment in the event that the pending Plastics Recycling litigation was decided against the government stating: Three cases involving the same or similar issues are set for hearing in U.S. Tax Court in New York City September 26, 1988. If these cases are resolved in favor of the taxpayers, then the service should make refund based on the findings of the Court.
On August 10, 1988, the Settlement Initiative Package for the Plastics Recycling group was approved by the National Office of the Internal Revenue Service. Prior to that date, settlement of nondocketed Plastics Recycling cases was not authorized by respondent. In a letter dated February 15, 1990, Karen Ruckriegle (Ruckriegle), an Appeals officer for respondent, extended the Plastics Recycling Project settlement offer to petitioner. A formal closing agreement was enclosed with the letter. [3] On March 2, 1990, petitioner's counsel rejected the settlement offered in Ruckriegle's letter. Petitioner's counsel indicated that he was rejecting the settlement offer because he had no knowledge of other taxpayers' accepting the offer and because he believed that it was more appropriate for petitioner to defer consideration *498 of a closing agreement until after issuance of the Tax Court's decision in Provizer v. Commissioner, supra.In his letter rejecting the settlement offer, petitioner's counsel did not suggest that the rejection was based on the purported settlement of December 1987. On March 26, 1990, respondent mailed to petitioner a statutory notice of deficiency with respect to the year 1981 that disallowed all of the claimed losses and tax credits related to petitioner's investment in the Clearwater Group and imposed additions to tax under sections 6651(a), 6653(a), 6659, and increased interest under section *499 6621(c). By letter dated May 22, 1990, petitioner's counsel requested that respondent rescind the notice of deficiency and allow petitioner to piggyback to Provizer v. Commissioner, supra. In that letter petitioner's counsel states that petitioner rejected the settlement offer of February 1990 because of "the ongoing nature of the Provizor [sic] case." This letter is silent as to the alleged settlement which occurred in 1987. Petitioner's counsel, however, refers to the "protective claim" which petitioner filed in 1988 and the 1987 payment of $ 48,000. The 1987 payment is not characterized as a payment in settlement of the case but is, instead, referred to merely as "a payment attributable to the 1981 proposed deficiency." Petitioner's counsel again wrote to respondent on June 22, 1990. In this letter, petitioner's counsel indicated that he would be willing to piggyback petitioner's case to the Provizer case and stated that petitioner "would abide by the ultimate decision in the Provizer case." Petitioner's counsel also discussed the settlement offer which was extended in February of 1990. He stated that in his view Ruckriegle offered *500 the settlement because "the prior appellate conferee assigned to the case had made the same offer verbally." He did not suggest that he had accepted the oral settlement offer. On June 22, 1990, respondent denied petitioner's request for rescission of the statutory notice because petitioner and respondent had executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, prior to the issuance of the statutory notice. Thereafter, on July 6, 1990, petitioner filed his petition with this Court. In the pleading, petitioner contends that he is entitled to the deductions and credits related to his investment in the Clearwater Group claimed on his 1981 return and that he is not liable for any of the additions to tax determined in respondent's notice of deficiency. The petition further states: Petitioner further prays that no action be taken in this case pending the final determination of Harold M. Provizer and Joan Provizer v. Commissioner of Internal Revenue, Docket No. 27141-86, a case tried on substantially the same issues raised herein and identified by the Internal Revenue Service as a key or test case. Petitioner desires to 'piggy back' [sic] on the Provizer case *501 as ultimately determined.
Again, petitioner does not mention the purported 1987 settlement of his case. Pursuant to discussions with petitioner's counsel and petitioner's request to piggyback to the Provizer case, respondent sent petitioner a Stipulation of Settlement intended to bind petitioner to the results of the Provizer case. The piggyback agreement provides that all of the Plastics Recycling adjustments, including additions to tax and increased interest under section 6621(c), in petitioner's case would be resolved in the same manner as they were ultimately determined in Provizer v. Commissioner, supra. In addition, the agreement provides that petitioner consents to the assessment and collection of deficiencies related to the Plastics Recycling adjustment following issuance of the Tax Court's decision notwithstanding the restrictions under section 6213(a). Petitioner's counsel signed the piggyback agreement on December 2, 1991, and the agreement was executed by respondent on December 11, 1991. On March 25, 1992, this Court's opinion in the Provizer case was issued. Provizer v. Commissioner, T.C. Memo. 1992-177, *502 affd. without published opinion 996 F.2d 1216 (6th Cir. 1993). We held that the transactions lacked economic substance and that the taxpayers were liable for additions to tax under sections 6653(a) and 6659. Id. In addition, we sustained respondent's determination of increased interest under section 6621(c). Id.
An assessment was made against petitioner and a Notice of Tax Due was sent to petitioner on August 11, 1992, pursuant to the terms of the piggyback agreement and the results of Provizer v. Commissioner, supra. Following receipt of the Notice of Tax Due, petitioner's counsel sent a letter to respondent stating that the case had been settled in the Appeals Office in New Orleans several years earlier. By letter dated March 19, 1993, respondent clearly stated that a review of petitioner's case file indicated that no settlement had been reached in 1987. This letter includes a summary of the history of the case and also a computation of the interest which would have been due if the tax liability had been assessed according to the terms of the alleged settlement. On April 4, 1993, petitioner made a designated *503 payment of interest for taxable year 1981 in the amount of $ 17,916. Petitioner contends that this is the total amount of his liability to respondent for taxable year 1981. Petitioner claims that he is entitled to enforce an alleged settlement agreement executed in December of 1987. He contends that respondent should be estopped to deny the settlement agreement. Petitioner also contends that the statutory notice issued in 1986 should be rescinded and that the piggyback agreement should be declared null and void. Petitioner concedes that he is not entitled to a refund based upon his protective claim. Respondent argues that no settlement agreement existed in 1987 and that the piggyback agreement should control disposition of this case. We agree with respondent and hold that the piggyback agreement executed by petitioner's counsel and respondent evidences the agreement of the parties with respect to disposition of petitioner's case. A settlement stipulation is a contract. Smith v. Commissioner, T.C. Memo. 1991-412; see Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969). Mutual assent is a prerequisite *504 to the formation of a contract. 1 Williston on Contracts, sec. 3:5 (4th Ed. 1990); see Heil v. Commissioner, T.C. Memo. 1994-417. Respondent's determinations as to petitioner's tax liability are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The evidence negates petitioner's assertion that an agreement to settle petitioner's case was executed in December of 1987. Petitioner introduced no documentary evidence of such an agreement, and we find petitioner's counsel's testimony concerning the existence of an oral agreement unpersuasive. The payment of tax liabilities and additions to tax, without more, does not establish the existence of a valid settlement agreement. In addition, petitioner did not introduce the testimony of either Mazaroli or Foley concerning the purported 1987 settlement. Accordingly, we infer that the testimony of these individuals would not be helpful to petitioner. Pollack v. Commissioner, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), *505 affd. 162 F.2d 513 (10th Cir. 1947). Contrary to petitioner's position on brief, we do not infer that respondent's failure to call either Mazaroli or Foley as witnesses indicates that the testimony of these individuals would be detrimental to respondent's case. Petitioner bears the burden of proving that a settlement was agreed upon in 1987. Rule 142(a). Petitioner's counsel's actions from 1988, when he first learned of the Plastics Recycling litigation then pending with this Court, until 1992 when Provizer v. Commissioner, supra, was decided in favor of respondent, support our finding that petitioner and respondent did not enter into an agreement for settlement of the dispute concerning petitioner's 1981 taxes in 1987. During that period neither petitioner nor his counsel even mentioned the alleged 1987 settlement of the case to either respondent or the Court. Instead, petitioner's counsel specifically refused to sign the documents for a closing agreement when they were presented to him. Petitioner explicitly rejected settlement and steadfastly requested to be bound by the results of the leading Plastics Recycling *506 case. Petitioner's counsel's actions after learning of the key Plastics Recycling case were completely inconsistent with his contention that petitioner's case was settled in December of 1987. Only after this Court's decision in favor of respondent in Provizer v. Commissioner, supra, and the subsequent receipt of a Notice of Tax Due did petitioner contend that a settlement agreement had been reached in 1987. Petitioner contends that he filed the protective claim and petition in this case and signed the piggyback agreement because "there appeared to be no other way to avoid the assessment and to enforce the settlement." Yet, petitioner failed to mention the purported settlement in any correspondence with either respondent or this Court until after Provizer v. Commissioner, supra, had been decided. Petitioner's arguments simply do not make sense to us. We find that there was no agreement to settle petitioner's case in December of 1987. Moreover, petitioner concedes that Mazaroli did not have the authority to settle his case in December of 1987. In 1987, approval by the National Office of the Internal Revenue *507 Service was required before settlement offers in nondocketed tax shelter cases could be extended. The Plastics Recycling group was designated as a tax shelter project in October of 1986. Mazaroli, as an Appeals officer, was not an official with appropriate settlement authority and, thus, lacked the authority to enter into a binding settlement agreement with petitioner in the instant case. This Court has repeatedly declined to enforce a settlement agreement where the person entering into the agreement on behalf of the Commissioner lacked the authority to bind the Commissioner. Gardner v. Commissioner, 75 T.C. 475 (1980); Cole v. Commissioner, 30 T.C. 665, 674 (1958), affd. per curiam 272 F.2d 13 (2d Cir. 1959); David v. Commissioner, T.C. Memo. 1993-621. Petitioner contends that the doctrine of equitable estoppel should apply to bar respondent from denying the existence of the alleged 1987 settlement agreement. Respondent contends that the record does not support a finding of equitable estoppel. We agree with respondent. "The doctrine of equitable estoppel *508 is applied against the Government 'with the utmost caution and restraint.'" Kronish v. Commissioner, 90 T.C. 684, 695 (1988) (quoting from Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987)). There are several conditions that must be satisfied before the doctrine is applied: (1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects of the acts or statements of the one against whom estoppel is claimed. See Kronish v. Commissioner, supra at 695, and cases cited therein. Petitioner contends that Mazaroli's lack of authority to settle the case was, somehow, a false representation by respondent and that respondent's failure to offer petitioner a settlement in 1988, when the settlement initiative package for Plastics Recycling first *509 was approved, was "wrongful or misleading silence". In addition, petitioner asserts that he detrimentally relied upon the purported settlement by paying respondent $ 48,000 in 1987. The facts negate any false representation or misleading silence by respondent and show that petitioner relied only on his counsel. If petitioner had believed that an agreement to settle his case existed in 1987, it seems only reasonable that he would have communicated that belief to respondent or this Court when another settlement was proposed, when respondent issued a statutory notice of deficiency, and/or when petitioner executed the piggyback agreement. We find no misrepresentation by respondent here, no misleading silence, and no justifiable or reasonable reliance by petitioner. The factors required for application of the doctrine of equitable estoppel simply are not present in this case. See Lignos v. United States, 439 F.2d 1365 (2d Cir. 1971); Hudock v. Commissioner, 65 T.C. 351, 363 (1975). The evidence presented with respect to petitioner's motion establishes that petitioner did not enter into a settlement in 1987 or at any time *510 prior to executing the piggyback agreement. Petitioner and respondent executed a piggyback agreement in 1991 and the terms of that agreement, entitled "Stipulation of Settlement for Tax Shelter Adjustment" explicitly provide that the only issue in this case, and any additions to tax "shall be resolved as if the petitioner(s) in this case was/were the same as the taxpayer(s) in * * * [Provizer v. Commissioner, supra]". That piggyback agreement is the only agreement among the parties with respect to the resolution of this case. Petitioner's counsel asserts that he did not freely enter into the piggyback agreement but that "he had no real choice but to execute such agreement" because respondent would not rescind the notice of deficiency and petitioner did not wish to finance litigation of the case. Petitioner had the same choice as any other litigant -- to continue the litigation or settle. Petitioner voluntarily executed the piggyback agreement. The contrary arguments are wholly unpersuasive under the circumstances of this case. Accordingly, petitioner's Motion for Entry of Judgment is denied. An appropriate order denying petitioner's motion *511 will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his motion, petitioner asserts that Foley offered the alleged 1987 settlement to petitioner. At the hearing on this motion, however, petitioner's counsel admitted that he had never received any written communications from Foley and could not even recall if he had ever spoken with Foley.↩
3. Ruckriegle may not have been authorized to offer petitioner the settlement in Feb. of 1990 because the settlement initiative package had expired in 1989 following the trial of Provizer v. Commissioner, T.C. Memo. 1992-177, affd. without published opinion 996 F.2d 1216↩ (6th Cir. 1993). In any event, petitioner rejected the offer.